UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLY MARGARET ARNDT,<br><br>               Petitioner,<br><br>    v.<br><br>DEBORAH JO WOFFORD,<br><br>               Respondent. | CASE NO. 3:21-cv-05194-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Petitioner's second federal habeas petition challenging her conviction and sentence for First Degree Arson, First Degree Premeditated Murder, and Six Counts of Assault in the Second Degree in Kitsap County Superior Court case number 14-1-00428-0. Dkt. 4. Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second habeas petition. Accordingly, the Court recommends the present habeas petition be referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

**DISCUSSION**

The present habeas petition raises the following grounds for relief: (1) "Ms. Arnt's 6th, 14th Amend, rights were violated by the lower court's ruling which placed severe limitations on

REPORT AND RECOMMENDATION - 1

her defense expert. Critical evidence that the jury never got to hear. Expert testimony should have been admitted, Dkt. 4 at 5; and (2) "Cumulative Error. Abuse of discretion by the lower court. Confirmation bias," *Id* at 7. The present habeas petition acknowledges Petitioner previously challenged the conviction in Kitsap County case number 14-1-00428-0 by filing a habeas petition docketed at case number "3:20-cv-05958-BHS-JRC." Dkt. 4 at 12. The first habeas petition raised the following grounds for relief: (1) "the state court adjudication of juror misconduct claim was unreasonable. Application of clearly established federal law, (2) Ms. Arnt can demonstrate actual prejudice. The state did not prove beyond a reasonable doubt that this juror misconduct did not prejudice Ms. Arnt." *Id.*

Thus, Petitioner admits, and the Court's records establish, the present habeas petition is the second petition Petitioner has filed challenging her conviction in Kitsap County case number 14-1-00428-0. Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented in a prior habeas petition. A claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

These requirements flow from the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

REPORT AND RECOMMENDATION - 2

28 U.S.C. § 2244(b)(3)(A).

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153; *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court of appeals and obtaining permission to file a second habeas petition is a jurisdictional requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

The phrase "second or successive" is a term of art derived from the "abuse-of-the-writ" doctrine developed prior to enactment of the current language set forth in 28 U.S.C. § 2244. *Hill v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002). The Petitioner in *Hill* had filed a habeas petition attacking his conviction and sentence. In *Hill,* the Court observed a second habeas petition is not automatically barred as second or successive. Rather a Court should consider whether the prisoner had an opportunity to raise his or her claims in the first petition.

In the present case, the Court dismissed Petitioner's first habeas petition with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. *See Arndt v. Wofford*, 3:20-cv-05958-BHS (Order of Dismissal and Judgment) Dkt 14-15. The grounds for relief raised in the present habeas petition involve alleged errors committed at trial. Petitioner was therefore fully aware of these claims before filing her first habeas petition. This is clear not only because the errors occurred at trial but also because Petitioner avers, she raised the present

REPORT AND RECOMMENDATION - 3

grounds for relief in the state courts before filing her first habeas petition. *See* Dkt. 4. Because Petitioner could have raised the present grounds for relief in her first habeas petition the Court recommends the present habeas petition be referred to the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application in the court of appeals demonstrating entitlement to such leave under section[ ] 2254.").

## CONCLUSION

Any objections to this Recommendation must be filed no later than **April 19**, **2021.** The Clerk should note the matter for **Friday, April 23, 2021,** as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 5th day of April 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4