UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLY MARGARET ARNDT,<br><br>Petitioner,<br><br>v.<br><br>DEBORAH JO WOFFORD,<br><br>Respondent. | CASE NO. C21-5194 RSM<br><br>ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION |

This matter is before the Court for consideration of United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation ("R&R") issued in this action. Dkt. #5. The R&R notes that Petitioner previously filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (the "2020 Petition") which was dismissed before Petitioner filed this action. *Id.* at 2; *see Arndt v. Wofford*, Case No. 20-cv-5958-BHS (W.D. Wash. Petition filed Oct. 6, 2020). Because the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 limits the filing of second or successive petitions, the R&R recommends that this Court refer Petitioner's current action to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. Dkt. #5 at 4.

Petitioner objects to the R&R's conclusion that her Petition is a second or successive petition because "her **entire criminal appeal process, from direct appeal through post-**

ORDER – 1

**conviction was <u>bifurcated</u>**" as to the issues of juror misconduct and the trial court's limitation of her expert's trial testimony. Dkt. #6 at 1. More specifically, Petitioner explains that she initially challenged her state court judgment by direct appeal on the basis that the trial court improperly limited the trial testimony of her expert witness. *Id.* While her direct appeal was pending, an issue of juror misconduct came to light, and Petitioner sought relief from the trial court on that basis. *Id.* When the trial court denied Petitioner's motion, she sought a direct appeal on that ruling as well. *Id.* at 2.

Petitioner's direct appeal on the issue of juror misconduct resolved first. Accordingly, Petitioner filed a state court personal restraint petition on that issue and, when the state court petition was denied, her 2020 Petition before this Court. After Petitioner filed her 2020 Petition on the basis of juror misconduct, the Washington State Supreme Court issued a final decision rejecting Petitioner's challenge to her judgment on the basis of her expert's trial testimony. This led Petitioner to file another unsuccessful state court personal restraint petition related to trial testimony and then this action. *See generally* Dkts. #4 and #6.

Petitioner's insistence that, because of "the complicated appellate procedural process in this case, these two separate issues continue[] to be bifurcated from the direct appeal . . . through post-conviction," Dkt. #6 at 2, does not coincide with the law. The

> AEDPA places strict restrictions on "the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)). A defendant wishing to file a "second or successive" habeas petition with the district court must first obtain leave from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).
>
> . . . .
>
> In *Magwood v. Patterson*, the Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." 561 U.S. 320, 332–33 (2010). Thus, "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new

ORDER – 2

judgment is not 'second or successive' at all." *Id.* at 341–42 (citation omitted) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

*Turner v. Baker*, 912 F.3d 1236, 1238–39 (9th Cir.), *cert. denied*, 140 S. Ct. 306 (2019).

Under the law, Petitioner's "bifurcated" appeals do not save her current Petition from qualifying as a second or successive petition. As the record establishes, there is a single judgment against Petitioner from which she appeals, and Petitioner does not argue to the contrary. Petitioner's arguments related to her state court appeals being procedurally complex do not convince the Court that it may depart from the clear conclusion that the Petition should be treated as a "second or successive" petition.

Accordingly, having reviewed the R&R, Petitioner's objections thereto, and the remainder of the record, the Court finds and ORDERS that:

1. The Report and Recommendation (Dkt. #5) is ADOPTED.

2. Petitioner's objections (Dkt. #6) are DENIED.

3. The present habeas petition shall be referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

4. The Clerk is DIRECTED to provide a copy of this Order to the parties and to Judge Tsuchida.

5. The Clerk shall administratively close the matter once the matter has been referred to the Court of Appeals.

DATED this 24th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3